UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIFESTYLE IMPROVEMENT CENTERS, LLC D/B/A POSITIVE CHANGES HYPNOSIS CENTERS, a Virginia limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>A POSITIVE CHANGE, INC. P.S., a Washington corporation, and AMANDA BOLEY, a Washington resident,<br><br>Defendants. | Case No. 3:15-cv-05075<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

For its Complaint, Lifestyle Improvement Centers, LLC d/b/a Positive Changes Hypnosis Centers ("Positive Changes" or "Plaintiff"), by and through the undersigned counsel, alleges as follows:

**THE PARTIES**

1.   Plaintiff Positive Changes Hypnosis Centers is a Virginia limited liability company with its principal place of business located at 4390 Tuller Road, Dublin, Ohio 43017.

2.   Upon information and belief, Defendant A Positive Change, Inc., P.S. ("A Positive Change") is a Washington corporation with its principal place of business located at 5262 Olympic Drive NW, Suite C, Gig Harbor, WA 98335.

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 1

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

3. Upon information and belief, Defendant Amanda Boley ("Ms. Boley", and together with A Positive Change, "Defendants") is a resident of the State of Washington and the owner of A Positive Change.

## JURISDICTION AND VENUE

4. This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as common law trademark infringement, state and common law unfair competition, and common law unjust enrichment.

5. This Court has subject matter jurisdiction over the federal trademark infringement and Lanham Act violations pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a), and 1338(b).

6. This Court has supplemental jurisdiction over the common law trademark infringement, state and common law unfair competition, and common law unjust enrichment claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because A Positive Change is a Washington corporation that offers its services for sale in this district, Ms. Boley is a resident of the State of Washington, Defendants have committed acts of trademark infringement and unfair competition in this district, and Defendants have placed infringing services into the stream of commerce in this district.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants are residents of this district.

## STATEMENT OF THE CASE

9. Positive Changes, the nation's leading network of behavior modification centers, has been servicing the State of Washington for many years. At great cost, expense and hard work by Positive Changes, customers have come to associate the registered mark POSITIVE CHANGES HYPNOSIS with this high quality of service and with Positive Changes' standard of excellence. Defendants are using A POSITIVE CHANGE to market motivational psychotherapy services within the state. This use by Defendants has already

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 2

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

confused consumers in the marketplace into wrongly believing that Defendants' services are associated with Positive Changes. This confusion places all of the work Positive Changes has built in its products, services and reputation within the market at risk. Positive Changes has sent two letters to Defendants informing them of this issue and demanding that Defendants cease their confusing use of A POSITIVE CHANGE. Without any justifiable reason, Defendants have ignored both of these requests, leaving Positive Changes with no alternative but to bring this action for trademark infringement, unfair competition and unfair business practices under the Federal Lanham Act, the common law and the laws of the State of Washington.

## PLAINTIFF'S BUSINESS AND ITS TRADEMARK

10. Plaintiff Positive Changes Hypnosis Centers is the nation's leading network of behavior modification centers. Positive Changes uses powerful personal coaching backed up by proven hypnosis techniques to help individuals lose weight, stop smoking, manage pain, reduce stress, and much more. (*See* Plaintiff's Exhibit 1, [hereinafter abbreviated as "Pl.'s Ex. __"], true and correct copies of pages printed from Plaintiff's Internet website located at www.positivechanges.com.)

11. Positive Changes has been using the POSITIVE CHANGES HYPNOSIS service mark in connection with its services in interstate commerce for more than 20 years.

12. Positive Changes is the owner of U.S. Service Mark Registration No. 2,508,646 for the mark POSITIVE CHANGES HYPNOSIS, as well as other related federally-registered marks, for use in connection with, *inter alia*, "behavior modification and hypnosis" services. Positive Changes has used the mark POSITIVE CHANGES HYPNOSIS in connection with the aforementioned services in interstate commerce since November 9, 1995.

13. On December 4, 2007, the U.S. Patent and Trademark Office issued a Notice of Acceptance under Sections 8 and 15 of the Trademark Act (15 U.S.C. §§ 1058, 1065). Accordingly, Plaintiff's rights to the trademark POSITIVE CHANGES HYPNOSIS for the

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 3

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

above mentioned services were deemed "Incontestable" under Section 15 of the Trademark Act.

14. Positive Changes' services are negotiated and purchased through its sales staff. In addition to marketing materials sent to prospective customers by mail, and sales calls and meetings conducted with potential customers, Positive Changes' Internet website plays a large role in the marketing of the POSITIVE CHANGES HYPNOSIS staffing and recruiting services to its customers.  (*See* Pl.'s Ex. 1.)

15. The POSITIVE CHANGES HYPNOSIS mark is distinctive and is strongly associated in the minds of the relevant consumers with the quality of the services originating from Positive Changes.

16. At great cost, expense and hard work, Positive Changes has developed a demand for its services in the marketplace associated with its POSITIVE CHANGES HYPNOSIS service mark.  The POSITIVE CHANGES HYPNOSIS mark is widely recognized within the industry and by the consumers as indicating the source of Positive Changes' services, and is distinctive of Positive Changes' services, resulting in substantial goodwill of great importance and value to Positive Changes.

**DEFENDANTS' UNLAWFUL ACTIVITIES**

17. Upon information and belief, Defendants entered the business of behavior modification centers using the term "A Positive Change" in conjunction with a location in Gig Harbor, Washington.  According to their website, Defendants offer "solution focused motivational psychotherapy."  (*See* Pl's Ex. 2, true and correct copies of pages printed from Defendants' Internet website located at www.aboleytherapy.com.)

18. Upon information and belief, Defendant A Positive Change incorporated on or about February 3, 2011 using the name "A Positive Change, Inc. P.S." (*See* Pl.'s Ex. 3, a true and correct copy of the Registration Data for A Positive Change, obtained from http://sos.wa.gov/corps/.)

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 4

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

19. Upon information and belief, Defendants use the term "A Positive Change" in their advertising and marketing materials.  (*See* Ex. 2.)

20. In a letter from counsel for Plaintiff Positive Changes dated September 25, 2014, Positive Changes advised Defendants of its trademark rights in POSITIVE CHANGES HYPNOSIS, advised Defendants that use of A POSITIVE CHANGE was likely to cause consumer confusion, and requested Defendants to immediately cease and desist from all further use of A POSITIVE CHANGE in connection with their provision of products and services to consumers by no later than October 1, 2014.  In that letter, Positive Changes noted, for example, that it was contacted by an individual inquiring about a Positive Changes location in Gig Harbor, Washington.  This customer mistakenly believed that Defendants' company was somehow affiliated with Positive Changes.  (*See* Pl.'s Ex. 4, a true and correct copy of the letter to Ms. Amanda Boley from Leslie Johnson, Esq., dated September 25, 2014).

21. Positive Changes sent two further letters to Defendants demanding that Defendants discontinue use of A POSITIVE CHANGE.  (*See* Pl.'s Ex. 5, a true and correct copy of the letter to Ms. Amanda Boley from Leslie Johnson, Esq., dated November 5, 2014; Pl.'s Ex. 6, a true and correct copy of the letter to Ms. Amanda Boley from A. Van Kampen, Esq., dated January 26, 2015).

22. Despite Plaintiff's repeated requests, Defendants have refused to discontinue their use of the term A POSITIVE CHANGE in connection with their services, particularly in motivational psychotherapy.  Defendants continue to improperly use that term today.

23. Plaintiff Positive Changes has not consented to, sponsored, endorsed, or approved of Defendants' use of the term A POSITIVE CHANGE, alone or in conjunction with a design, on any products or services.

24. Defendants' use of the term A POSITIVE CHANGE in commerce in connection with their products and/or services has and is likely to confuse, mislead and deceive the public as to the origin of the goods, or cause these persons to believe that the products have

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 5

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

been sponsored, approved, authorized or licensed by Positive Changes, and/or that Defendants are in some way affiliated or connected with Positive Changes.

25.     Not only have consumers already been confused or deceived regarding the source of Defendants' products and services, but the valuable reputation of Positive Changes and the goodwill in the POSITIVE CHANGES HYPNOSIS brand has been and is likely to be diminished by its association with Defendants' products, services and website.

26.     By using the term A POSITIVE CHANGE, Defendants are causing a likelihood of confusion.  Defendants are also causing "initial interest confusion" through the use of the A POSITIVE CHANGE term on-line in connection with the website www.aboleytherapy.com because consumers searching the Internet for information on Positive Changes are likely to find Defendants' website and mistakenly believe that it is affiliated with or sponsored by Positive Changes.

27.     Defendants are trading off of the goodwill in Plaintiff's POSITIVE CHANGES HYPNOSIS service mark by using the term A POSITIVE CHANGE in the same marketing channels, including the Internet, to offer the same services (behavior modification and psychotherapy) to the same customers (individual consumers) as those offered by Plaintiff Positive Changes under the POSITIVE CHANGES HYPNOSIS service mark.

28.     Positive Changes has requested that Defendants cease their acts of trademark infringement and unfair competition, and has given Defendants actual notice of Plaintiff's rights in the POSITIVE CHANGES HYPNOSIS service mark but Defendants willfully refuse to cease their unlawful acts of trademark infringement.

**COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

29.     Positive Changes incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

30.     Defendants' use of the term A POSITIVE CHANGE in connection with the sale and marketing of motivational psychotherapy products or services is causing confusion and

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 6

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1 mistake and will likely deceive others into believing that Defendants' products and/or services originate with, are sponsored by, approved by, or affiliated with Positive Changes.

31. Defendants' acts, as herein alleged, constitute infringement of Positive Changes' registered trademark under 15 U.S.C. § 1114.

32. Defendants continue to carry out these acts of infringement with knowledge of and in conscious disregard of Positive Changes' rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

33. Positive Changes has been, and will continue to be, damaged by Defendants' willful trademark infringement in a manner and amount that cannot be fully measured or compensated in economic terms, for which there is no adequate remedy at law.

34. The actions of Defendants have damaged and will continue to damage Positive Changes' business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with Positive Changes. Such irreparable damage will continue unless the acts of Defendants are enjoined.

## COUNT II – FEDERAL UNFAIR COMPETITION
## UNDER LANHAM ACT § 43, 15 U.S.C. § 1125(a)

35. Positive Changes incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

36. Defendants' use of the term A POSITIVE CHANGE is likely to cause confusion or mistake, or is likely to deceive as to the origin or sponsorship of Defendants' services or commercial activities in violation of 15 U.S.C. § 1125(a).

37. As a direct and proximate result of Defendants' willful and deliberate conduct, Positive Changes has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill in an amount to be proven at trial.

38. If Defendants are permitted to continue their willful and deliberate acts of infringement, Positive Changes will continue to be irreparably harmed. Monetary damages alone cannot compensate Positive Changes for the detrimental and unreasonable harm that

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 7

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

Defendants have and will continue to cause to Positive Changes. For these reasons, Positive Changes has sought, and is entitled to, preliminary and permanent injunctive relief prohibiting Defendants from using confusingly similar terms in connection with their products and services.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

39. Positive Changes incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

40. Positive Changes' mark POSITIVE CHANGES HYPNOSIS is inherently distinctive and has acquired strong distinctive designation for Positive Changes' services.

41. Defendants' use of the term A POSITIVE CHANGE in connection with their products and services has caused and is likely to continue to cause confusion in the purchasing consumers as to the source of origin or sponsorship of Defendants' goods and services.

42. By virtue of Defendants using the term A POSITIVE CHANGE in connection with their products and services, Positive Changes has suffered and will continue to suffer great damage to its business, goodwill, and reputation.

43. Defendants' use of the term A POSITIVE CHANGE in connection with their products and services has irreparably harmed and will continue to irreparably harm Positive Changes.

44. Defendants continue to carry out their acts of infringement in conscious disregard of Positive Changes' rights.

45. If Defendants are permitted to continue their willful and deliberate acts of infringement, Positive Changes will continue to be irreparably harmed. Monetary damages alone cannot compensate Positive Changes for the harm that Defendants have and will continue to cause to Positive Changes. For these reasons, Positive Changes has sought and is entitled to preliminary and permanent injunctive relief prohibiting Defendants from using confusingly similar terms in connection with their products and/or services.

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 8

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## COUNT IV – UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES UNDER RCW 19.86.020

46. Positive Changes incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

47. Defendants' activities identified herein constitute an unfair method of competition in business and an unfair trade practice in business, which is damaging to the public interest, in violation of Washington Consumer Protection Act, RCW 19.86.020.

48. Defendants' use of the term A POSITIVE CHANGE, which mimics and infringes upon Positive Changes' trademark, has been and is knowingly, willfully, and deliberately a fraudulent representation.

49. As a direct and proximate result of the knowing, willful and deliberate conduct of Defendants, Positive Changes has suffered and will continue to suffer, substantial injuries, loss, and damages to its business and goodwill in an amount to be proven at trial.

50. If Defendants are permitted to continue their willful and deliberate acts of infringement, Positive Changes will continue to be irreparably harmed. Monetary damages alone cannot compensate Positive Changes for the harm that Defendants have and will continue to cause. For these reasons, Positive Changes has sought and is entitled to preliminary and permanent injunctive relief prohibiting Defendants from using confusingly similar terms in connection with its products and/or services.

## COUNT V – COMMON LAW UNJUST ENRICHMENT

51. Positive Changes incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

52. Defendants have benefited by using the term A POSITIVE CHANGE in connection with selling products and/or providing services.

53. This benefit has been conferred on Defendants at the expense of Plaintiff Positive Changes.

54. Defendants are aware of the benefit that has been conferred upon them.

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 9

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

55. Under the circumstances, Defendants' retention of this benefit at the expense of Positive Changes is inequitable.

56. By using the term A POSITIVE CHANGE in connection with their products and services, Defendants have been unjustly enriched at the expense and to the detriment of Plaintiff Positive Changes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Positive Changes prays for entry of judgment in its favor and against Defendants as follows:

A. A preliminary and permanent injunction restraining and enjoining Defendants, and all of their agents, successors, and assigns, and all persons in active concert or participation with any of them, from using the term A POSITIVE CHANGE, or any other term or name, alone or in combination with other words or symbols, which is confusingly similar to the POSITIVE CHANGES HYPNOSIS mark, or which is likely to cause confusion or mistake or to deceive, including any use on the Defendants' website and on the Internet;

B. A preliminary and permanent injunction restraining and enjoining Defendants, and all of their agents, successors, and assigns, and all persons in active concert or participation with any of them, from seeking federal registration of "A POSITIVE CHANGE," alone or in combination with any other words or symbols, which is confusingly similar to the POSITIVE CHANGES HYPNOSIS mark, or which is likely to cause confusion or mistake or to deceive.

C. An order requiring Defendants to deliver to Positive Changes all products, labels, marketing, promotional and other materials in their possession, custody, or control bearing the term A POSITIVE CHANGE, or any other term or name, alone or in combination with other words or symbols, which is confusingly similar to the POSITIVE CHANGES HYPNOSIS mark, or which is likely to cause confusion or mistake or to deceive;

D. An order requiring Defendants to discontinue use of the term A POSITIVE CHANGE on their website, located at www.aboleytherapy.com;

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 10

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  E. An order requiring Defendants to file with this Court and serve upon Positive Changes within thirty (30) days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which they have complied with the injunction; and

F. That Defendants be required to pay Positive Changes such damages as Positive Changes has sustained, or will sustain, in consequence of Defendants' false description and representation, false designation of origin, unfair competition and trademark infringement, and to account for all gains, profits, and advantages derived by Defendants that are attributable to such unlawful acts; and that such damages be trebled against Defendants, as provided by 15 U.S.C. § 1117, the common law and the laws of the State of Washington;

G. That the Court adjudge this to be an exceptional case and require Defendants to pay over to Plaintiff the costs of this action, including reasonable attorneys' fees and interest, and treble damages, as provided by 15 U.S.C. § 1117, the common law and the laws of the State of Washington.

H. That Defendants be ordered to pay Plaintiff prejudgment and post judgment interest on all sums allowed by law; and

I. An award to Positive Changes of such other and further relief as this Court shall deem just.

### J. JURY DEMAND

Positive Changes hereby demands a trial by jury on all issues so triable.

DATED this 5th day of February, 2015.

ROHDE & VAN KAMPEN PLLC

s/ *Al Van Kampen*
Al Van Kampen, WSBA No. 13670
*avk@rvk-law.com*
Nathan Paine, WSBA No. 34487
*npaine@rvk-law.com*
Attorneys for Plaintiff Lifestyle Improvement Centers, LLC d/b/a Positive Changes Hypnosis Centers

COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 11

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1. *Of Counsel*:
2. Marc J. Kessler
   Erin A. Wiggins
3. HAHN LOESER & PARKS LLP
   65 East State Street, Suite 1400
4. Columbus, Ohio  43215
   (614) 233-5168
5. *mkessler@hahnlaw.com*
   *ewiggins@hahnlaw.com*
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT - 12**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353